## GEORGE VREELAND

### v.

## SAMUEL W. TORREY.

1. If the validity of a release of an assumption of a mortgage (when a decree for deficiency is sought) is questioned, the complainant must frame the issue so as to raise the question.

2. Lands covered by a mortgage were, in part, afterwards laid out by the mortgagor as a public street, and accepted and treated as such by the municipal authorities. Subsequently the mortgagee released that part of the mortgaged premises adjoining the street, and described it as bounding on the street.—*Held*, that the land lying in the street is, as against the mortgagee, subject to the public rights acquired by the dedication and release.

Bill to foreclose. On final hearing on pleadings and proofs.

*Mr. R. I. Hopper*, for complainant.

*Mr. T. M. Moore*, for John H. Cheever and the Aquacka-nonk Water Co.

THE CHANCELLOR.

The questions presented for decision are, whether the defendant John H. Cheever is liable to complainant for deficiency, and whether a street called Monroe street, laid out by the defendant Torrey on the mortgaged premises, should not be excepted from the operation of the complainant's mortgage.

The liability of Cheever for deficiency is based on the fact that Torrey, in 1875, conveyed to him part of the mortgaged premises, subject to certain mortgages, among which was the complainant's, the payment of one-half of some of which mortgages, including that of the complainant, he assumed. It appears, however, that at that time Torrey was largely indebted to Cheever for money lent, and in September, 1875, the former

gave his mortgage to the latter for $35,000, on his undivided half of the property, accordingly. That indebtedness was increased by advances made by Cheever for Torrey, so that in February, 1881, it amounted to $51,749.46. In August, 1878, before the filing of the bill, Torrey gave to Cheever a release, under seal, of his liability under the assumption. The release states that it was made for the consideration of $5,000 paid by Cheever to Torrey, and the answer of Cheever says the same thing, but it is insisted by the complainant that there was in fact no consideration. Cheever alleges that the indebtedness of Torrey to him exceeds the amount of his assumption, and he claims allowance for it by way of equitable setoff, in case the release should be held insufficient for his protection. The release, however, is not attacked in the bill; indeed, it is not mentioned. If the complainant desired to deny its validity so far as his rights are concerned, he should have so framed the issue as to raise the question (*Young* v. *Trustees, 4 Stew. Eq. 290, 302*), but he has not done so. There will, therefore, be no decree for deficiency against Cheever.

As to the other question : Torrey, in 1876, sold and conveyed to the Dundee Water Power and Land Company part of the premises described in the complainant's mortgage, bounding it on Monroe and Canal streets. Those streets were laid out and opened over the property by Torrey in 1871, and in 1872 the board of chosen freeholders of the county built a bridge over a brook which the street crossed, and which is one of the boundaries of the released premises. The village of Passaic, a municipal corporation within the bounds of which the premises are, on its map of streets (since adopted by its municipal successor, the city of Passaic), laid down the streets as dedicated by Torrey, thus recognizing them as public streets. The mortgagee of the complainant's mortgage, on the 31st of May, 1876, released the property by like description, bounding it on the streets, from the lien and encumbrance of the mortgage. The Dundee Water Power and Land Company, in the same month of May, demised the premises so released, to the Aquackanonk Water Company for a term of twenty-one years, with privilege of renewal. The latter company, after the demise was

made, erected its pump-house on the property, and from there laid its conduit pipes in Monroe street to supply the city of Passaic with water. The mortgagee, by bounding the property in the release on the street, confirmed the dedication of the land in the *situs* of the-street to the purposes of the street. *Clark* v. *City of Elizabeth, 11 Vr. 172 ; Hague* v. *West Hoboken, 8 C. E. Gr. 354.* The bill challenges the claim of the water company to a right to keep its pipes in the street superior to the complainant's mortgage, and the water company joined issue with him thereon. The right is established, and, as a consequence, the land in the *situs* of Monroe and Canal streets must be sold, subject to the dedication thereof to use as public streets and the rights flowing therefrom.